88 F.3d 1001
 Paula HERVEY, formerly Jones, and Dale Hervey, parents and
natural guardians of Sharina Rae-Dawn Hervey,
deceased, Petitioners-Appellants,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent-Appellee.
 No. 96-5007.
 United States Court of Appeals,
Federal Circuit.
 June 28, 1996.
 
 Alan W. Gentges, Savage, O'Donnell, Scott, McNulty, Affeldt & Gentges, of Tulsa, Oklahoma, argued, for petitioners-appellants. With him on the brief was M. Alan Souter.
 Richard A. Schollmann, Attorney, Torts Branch, Civil Division, Department of Justice, of Washington, D.C., argued, for respondent-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, Helene M. Goldberg, Director, and John Lodge Euler, Deputy Director.
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and BRYSON, Circuit Judge.
 BRYSON, Circuit Judge.
 
 
 1
 In this Vaccine Act case, the petitioners sought review of the decision of a special master denying compensation. Their petition for review, however, was not filed within the 30-day period allotted under the statute. For that reason, the Court of Federal Claims held the motion time-barred and refused to entertain it. We affirm.
 
 
 2
 * In 1991, the petitioners filed a petition for compensation under the National Childhood Vaccine Injury Act (the Vaccine Act), 42 U.S.C. §§ 300aa-1 to 300aa-34. The case was assigned to a special master, who held a hearing and issued a decision on July 14, 1995, denying compensation. The special master concluded that the petitioners had failed to prove that their daughter had experienced a qualifying injury that led to her death.
 
 
 3
 The Vaccine Act permits a petitioner to seek review of a special master's decision by filing a motion for review in the Court of Federal Claims. To obtain review, the petitioner must file a motion in the Court of Federal Claims within 30 days of the issuance of the special master's decision. 42 U.S.C. § 300aa-12(e)(1). The petitioners in this case did not file their motion for review in the Court of Federal Claims until August 23, 1995, which was 40 days after the special master's decision was filed. Holding that the motion was not filed within 30 days of the issuance of the special master's decision and that the 30-day period in Section 12(e)(1) of the Vaccine Act is jurisdictional, the Court of Federal Claims directed that the motion be returned unfiled. The petitioners then prosecuted this appeal, seeking to have their case reinstated and returned to the Court of Federal Claims for further proceedings there.
 
 II
 
 4
 The language of the Vaccine Act and a prior decision of this court foreclose the petitioners' contention that their motion for review was timely.
 
 
 5
 Section 12(e)(1) of the Vaccine Act, 42 U.S.C. § 300aa-12(e)(1), provides as follows, in pertinent part:
 
 
 6
 Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision.
 
 
 7
 In Widdoss v. Secretary of the Dep't of Health & Human Servs., 989 F.2d 1170 (Fed.Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993), this court held that the 30-day time period for a motion for review is jurisdictional, and that neither the Court of Federal Claims nor this court may excuse a failure to satisfy the 30-day filing requirement. The only remaining question under the statute is whether the petitioners' filing on August 23, 1995, was within 30 days of the "issuance of the special master's decision." We hold that the date of "issuance" of the special master's decision was not the date on which it was received by the petitioners' counsel, as the petitioners contend, but rather the date on which the decision was filed with the clerk of the Court of Federal Claims.
 
 
 8
 The term "issuance" in section 12(e)(1) cannot be construed to mean "receipt." The pertinent common meaning of the verb "issue" is "to be given out officially, to be published," and its legal meaning is "to send out officially ... to publish or utter." Webster's New International Dictionary 1319 (2d ed. 1953). Both of those definitions denote promulgation of the decision by the decisionmaker, not its subsequent receipt by the parties. See also Black's Law Dictionary 745 (5th ed. 1979) ("issue" means "to send forth, to emit, to promulgate"); Webster's Third New International Dictionary 1201 (1968) ("issue" means "the act of officially putting forth ... or proclaiming or promulgating (as a written order or directive)").
 
 
 9
 To be sure, the term "issuance," as used in section 12(e)(1), could be accorded several slightly different meanings. For example, it could be interpreted to mean rendition, to mean public announcement, or to mean formal filing with the clerk of the court. Rule 23 of the Vaccine Rules, R.Ct.Fed.Cl., Appendix J, interprets the term "issuance" to mean filing, so that the 30-day review period begins to run when the special master's decision is filed with the clerk of the Court of Federal Claims. That interpretation is a reasonable one, and it has the virtue of providing an unambiguous and well-documented starting point for the 30-day period.
 
 
 10
 That interpretation of the term "issuance" is consistent with this court's decision in the Widdoss case. The special master filed her decision in that case on June 7, 1991, and the motion to review that decision was held to be untimely when it was filed on July 9 of the same year. This court held that the date of "issuance" of the special master's decision, within the meaning of Section 12(e)(1) of the Vaccine Act, was the date the special master's decision was "actually issued," i.e., June 7, 1991, the date it was filed. 989 F.2d at 1175.
 
 
 11
 We therefore hold that the date of issuance for purposes of Section 12(e)(1) was July 14, 1995, the date the special master's decision was filed with the clerk of the Court of Federal Claims. The period within which a motion for review had to be filed thus ended on August 14, 1995, the Monday following the end of the 30-day period that began on July 14. The petition for review, which was not filed until August 23, 1995, was therefore nine days out of time.
 
 
 12
 The petitioners do not make an effort to square the language of the statute with their position that the 30-day period should run from their counsel's receipt of the special master's opinion. Instead, they argue that the general policies of the Vaccine Act would be disserved by making the amount of time available for seeking review of a special master's decision depend on how long it takes for a party to receive notice of the decision. In this case, for example, the petitioners contend that they did not receive a copy of the decision until July 24, 1995, after 10 days of the 30-day period had expired. At that time, they argue, they were left with only 20 days within which to prepare a motion for review, rather than the 30 days that the statute contemplated. While it is true that the time consumed in delivering notice of a decision to the parties or their counsel may result in some reduction in the amount of time allotted to prepare the motion for review, the concern raised by that problem is not sufficient to overcome the very clear statutory language. Congress specified that a motion for review would have to be filed within 30 days of "issuance" of the special master's decision, not 30 days of its receipt. For purposes of the petitioners' statutory claim, that is the end of the matter.
 
 
 13
 The petitioners make a constitutional claim as a backup to their statutory argument. They claim that applying the statute as written, which gave them only 20 days to prepare their motion for review in the Court of Federal Claims, resulted in a violation of the Due Process Clause of the Fifth Amendment.
 
 
 14
 We can find no support for this argument in any principle of constitutional law. Although the petitioners argue that due process would be denied in a case in which a petitioner did not receive notice of the special master's decision until after the 30-day period had expired, that is not this case and we need not address that hypothetical case in order to decide the due process question presented here. The petitioners had 20 days within which to decide whether to seek review of the special master's decision and to prepare and file their motion. A 30-day review period, even when shortened somewhat by a delivery delay, is not an unreasonably short period of time within which to seek review of a lower tribunal's decision. See 28 U.S.C. § 2107; Fed.R.App.P. 4(a) (standard 30-day period within which to take an appeal from a decision of a federal district court in a civil case runs from the date the order or judgment is entered, regardless of when the losing party receives notice); Fed.R.App.P. 4(b) (only 10 days allotted to a defendant to notice an appeal in a criminal case); see also Fed.R.Civ.P. 50(b), 59(b) (in civil cases, motions for judgment as a matter of law or for a new trial must be filed within 10 days of judgment); Fed.R.Crim.P. 29(c), 33, 34 (in criminal cases, motions for judgment of acquittal, new trial, or arrest of judgment must be filed within seven days of verdict).
 
 
 15
 Because we find no due process violation flowing from the loss of 10 days of the 30-day period for filing a motion for review in the Court of Federal Claims, we conclude that the petitioners' motion was jurisdictionally out of time and therefore was correctly held insufficient to preserve the petitioners' right to review of the special master's decision.
 
 
 16
 AFFIRMED.